**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MICHAEL WAYNE BAILEY,**

                    **Plaintiff,**

**v.**                                                    **Case No:   6:16-cv-1429-Orl-41GJK**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

                    **Defendant.**

_____

**REPORT AND RECOMMENDATION**

Michael Wayne Bailey (the "Claimant") appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for Supplemental Security Income disability benefits. Doc. No. 1. Claimant alleges a disability onset date of January 1, 2013. R. 30. Claimant argues the Administrative Law Judge (the "ALJ") erred by: 1) assigning Claimant a residual functional capacity ("RFC") of light work with some modifications, but without a specific finding that Claimant can sit, stand, and walk for six hours out of an eight-hour workday; and 2) failing to adequately assess Claimant's credibility. Doc. No. 19 at 9-12, 18-20, 23. For the reasons set forth below, it is recommended that the Commissioner's final decision be **REVERSED** and these proceedings **REMANDED**.

**I.       STANDARD OF REVIEW.**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g) (2010). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v.*

*Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, considering evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II.   ANALYSIS.

### A.   RFC Determination of Light Work

Claimant raises several arguments based on the ALJ ascribing an RFC of light work, with some modifications, and the opinion of the examining consultative doctor, Dr. Alvan Barber, that Claimant can walk, stand, and sit "for reasonable periods of time." Doc. No. 19 at 9-12, 18-20; R. 291. Claimant argues that (1) it is not clear whether the ALJ accounted for this "limitation" in the RFC; (2) it is not clear whether the RFC is consistent with the evidence because of the doctor's description; and (3) the hypothetical to the Vocational Expert ("VE") did not accurately account for Claimant's limitations based on this statement by Dr. Barber. Doc. No. 19 at 9, 11, 19.

Claimant contends that it is not clear whether the ALJ determined that Claimant can walk or stand for six hours out of an eight-hour workday because the ALJ did not evaluate Claimant's work-related abilities on a function-by-function basis. *Id.* at 10. The ALJ, in setting forth

Claimant's RFC, stated that "claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) . . . ." R. 15. Section 416.967(b) defines light work as requiring a good deal of walking or standing, or sitting most of the time with some pushing or pulling. Under SSR 83-10, App. 2, 1983 WL 31251, at *5 (1983), "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."

In *Castel v. Commissioner of Social Security*, 355 F. App'x 260, 263 (11th Cir. 2009), the claimant raised the same argument raised here: that the ALJ did not perform a function-by-function analysis in determining the RFC.[1] In determining the RFC, the ALJ considered disability examiners' reports, the claimant's testimony, and Disability Determination Services' reports. *Id.* The Eleventh Circuit rejected the claimant's argument because the ALJ's decision, which stated that the ALJ relied on those items in determining the RFC, was "sufficient to allow us to conclude that the ALJ considered the claimant's medical condition as a whole." *Id.* Thus, the court found that "[t]he ALJ performed a proper RFC function analysis, based on substantial evidence . . . ." *Id.*

Here, the ALJ relied on Dr. Barber's report, a report by a reviewing State Agency physician (Dr. Lionel Henry), and Claimant's ability to work in 2012, in determining Claimant's RFC. R. 15-17. Although Dr. Barber's report stated that Claimant can walk, stand, and sit "for reasonable periods of time," R. 291, Dr. Henry found that Claimant can walk, stand, and sit for six hours in an eight-hour workday. R. 55-56. The ALJ gave both Dr. Barber's and Dr. Henry's opinions considerable weight.[2] R. 16. As the ALJ considered both doctors' reports and Claimant's ability to work in 2012, just as the ALJ in *Castel* considered several reports and the claimant's testimony, the ALJ here performed a proper RFC analysis.

---

[1] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

[2] Claimant does not contend that the ALJ assigned Dr. Henry's opinion an inappropriate weight.

Claimant also argues that it is not clear that the RFC is consistent with the evidence and that the hypothetical to the VE did not accurately reflect Claimant's limitations based on Dr. Barber's "reasonableness" language. Doc. No. 19 at 11. Dr. Henry's opinion that Claimant can walk, sit, and stand for six hours in an eight-hour workday, which the ALJ expressly relied upon in making her RFC finding, constitutes substantial evidence. R. 55-56. Thus, the RFC of light work with some modifications and the corresponding hypothetical to the VE are supported by substantial evidence.

B.     Credibility Determination

Claimant argues that the ALJ did not articulate accurate and specific findings to support her conclusion regarding Claimant's credibility. Doc. No. 19 at 23. In the Eleventh Circuit, subjective complaints of pain are governed by a three-part "pain standard" that applies when a claimant attempts to establish disability through subjective symptoms. By this standard, there must be: 1) evidence of an underlying medical condition and either 2) objective medical evidence that confirms the severity of the alleged symptom arising from the condition, or 3) evidence that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). "20 C.F.R. § 404.1529 provides that once such an impairment is established, all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability." *Foote*, 67 F.3d at 1561; 20 C.F.R. § 404.1529. Thus, once the pain standard is satisfied, the issue becomes one of credibility.

A claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability. *Foote*, 67 F.3d at 1561. "If the ALJ decides

not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Id.* at 1561-62; *see also* Social Security Ruling 96-7p, 1996 WL 374186, at *2 (July 2, 1996) ("It is not sufficient for the adjudicator to make a single, conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'"). In rejecting the claimant's statements regarding pain or the effect the symptoms have on the claimant's ability to work, the ALJ cannot rely solely on the fact that objective medical evidence does not substantiate the claimant's representations. 20 C.F.R. § 404.1529(c)(2); *see also* SSR 96-7p, 1996 WL 374186, at *1. A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote*, 67 F.3d at 1562.

Here, the ALJ stated the following regarding Claimant's credibility: "After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." R. 15. The statement is neither preceded nor followed by an explanation of why Claimant's statements are not entirely credible. Although the ALJ refers generally to Claimant's testimony regarding his pain and inability to lift ten pounds with his right arm, the ALJ does not articulate which of Claimant's statements are contradicted by the evidence. R. 15. Instead, the ALJ follows the credibility determination with a recital of Claimant's treatment history. R. 15-16. The ALJ does not, however, connect how the treatment history renders Claimant's testimony not entirely credible. R. 15-16.

Instead, the ALJ's credibility determination is boilerplate language commonly found in Social Security decisions. *See Howell v. Astrue*, Case No. 8:10-CV-2175-T-26TGW, 2011 WL 4002557, at *3 (M.D. Fla. Aug. 16, 2011) (noting that boilerplate credibility determinations are

common), *report and recommendation adopted*, 2011 WL 3878365 (M.D. Fla. Sept. 2, 2011). In many cases, this boilerplate credibility determination is followed by specific facts that undermine the claimant's testimony. In this case, the ALJ failed to clearly articulate any specific facts supporting her credibility determination. R. 15.[3] In *Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1380 (N.D. Ga. 2006), the court was faced with a similar situation. In that appeal from a decision denying Social Security benefits, the ALJ discounted the claimant's credibility, but did not explain the conflict between the claimant's testimony and the medical evidence. *Id.* For the court to evaluate whether the ALJ's credibility determination was supported by substantial evidence:

> the ALJ must, at least, provide a record that indicates what the conflict is and how that conflict affected his credibility determination. Simply stating that the subjective complaints of pain "suggest a greater severity of impairment than can be shown by the objective medical evidence" does not adequately apprise the Court, or the Claimant, of the weight with which the ALJ viewed Claimant's testimony or, more importantly, why such a determination was made.

*Id.* The matter was remanded for further proceedings. *Id.* at 1381.

As in *Tauber*, here the ALJ stated that Claimant's statements were not entirely credible "for the reasons explained in this decision[,]" but did not point out how Claimant's statements were inconsistent with the evidence before her. R. 15. Thus, the undersigned is unable to conduct a meaningful review of the ALJ's decision, and it must be reversed. *Lawson v. Astrue*, No. 8:07-CV-243-T-TGW, 2008 WL 681097, at *3 (M.D. Fla. Mar. 7, 2008) ("There is no explanation why the plaintiff's statements are not entirely credible. The failure to provide such an explanation warrants reversal.").

---

[3] In short, it is unclear which facts contained in the ALJ's decision, if any, were relied upon by the ALJ to find Claimant's statements not entirely credible.

The Commissioner attempts to overcome the ALJ's failure to articulate the bases for her credibility determination by arguing that substantial evidence supports the ALJ's decision regarding credibility. Doc. No. 19 at 25. The ALJ did not clearly articulate reasons supporting her boilerplate credibility determination, but instead generally referred to her discussion of the medical and opinion evidence. R. 15. As a result, the Commissioner's argument amounts to post hoc rationalization, as it attempts to offer reasons supporting the ALJ's boilerplate credibility determination that the ALJ did not clearly articulate in her decision. The Court will not affirm the ALJ's credibility determination based on such post hoc rationalization. *See, e.g.*, *Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (A court will not affirm based on a post hoc rationale that "might have supported the ALJ's conclusion.") (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)). Accordingly, the undersigned finds the matter must be reversed so the ALJ may clearly articulate the reasons supporting her credibility determination. *See, e.g.*, *Howell*, 2011 WL 4002557, at *5 (reversing due to ALJ's failure to provide a meaningful explanation for his credibility determination).

Since reversal is necessary, the undersigned must address Claimant's request that the case be remanded for an award of benefits. Doc. No. 19 at 27. Reversal for an award of benefits is only appropriate either where the Commissioner has already considered the essential evidence and it establishes disability beyond a doubt, or where the Claimant has suffered an injustice. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993) (disability beyond a doubt warrants award of benefits); *See Walden*, 672 F.2d at 840. Here, the matter is being reversed because the ALJ did not articulate specific reasons in support of the credibility determination. Neither the reason necessitating reversal nor the record establish that Claimant is disabled beyond a doubt or that Claimant has suffered an injustice. Accordingly, Claimant's request to remand for an award of benefits is not

well-taken.

## III.   <u>CONCLUSION</u>.

For the reasons stated above, it is **RECOMMENDED** that:

1.  The final decision of the Commissioner be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2.  The Clerk be directed to enter judgment for Claimant and close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE** and **ORDERED** in Orlando, Florida, on July 10, 2017.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Shea A. Fugate, Esq.
Law Offices of Shea A. Fugate
P.O. Box 940989
Maitland, FL 32794

W. Stephen Muldrow
Acting United States Attorney
John F. Rudy, III
Acting United States Attorney
Suite 3200
400 N. Tampa St.
Tampa, FL 33602

Mary Ann Sloan, Regional Chief Counsel
Susan Kelm Story, Acting Deputy Regional Chief Counsel
John C. Stoner, Branch Chief
Megan Cleary DePonte, Assistant Regional Counsel
Social Security Administration

Office of the General Counsel, Region IV
Sam Nunn Atlanta Federal Center
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303

The Honorable Kelley Fitzgerald
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc
De Soto Building, Suite 400
8880 Freedom Xing Trl
Jacksonville, FL 32256-1224